UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

STANLEY WALTON RAINEY,

    Petitioner,

v.                                                Case No. 5:04-cv-032-Oc-10GRJ
SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____

## ORDER DENYING THE PETITION

Petitioner, *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner is challenging his 1999 Marion County conviction of robbery. The Petition, the Response to the Petition and the record submitted with the Response, Petitioner's Reply, and the other pleadings demonstrate that an evidentiary hearing is not warranted in this case, and the Court may resolve the Petition on the basis of the record. See Habeas Rule 8(a).

### Convictions and Sentences

On March 6, 1998, the State charged Petitioner by information with robbery and possession of drug paraphernalia.[1] Petitioner pled guilty on the possession charge and not guilty to the robbery charge.[2] On August 4, 1999, Petitioner's jury

---

[1] Doc. 9, App. A, pg. 8.

[2] Doc. 9, App. A, pg. 36.

trial on the robbery charge proceeded and the jury found Petitioner guilty as charged.[3]  On October 20, 1999, the trial court sentenced Petitioner as a Prison Releasee Reoffender to fifteen years imprisonment for the robbery conviction and to time served for the possession of paraphernalia conviction.[4]

Petitioner timely appealed to the Florida Fifth District Court of Appeal, in which he raised the following issues: 1) the trial court erred by failing to direct a verdict of not guilty at the close of the State's case; 2) the trial court erred by imposing a mandatory sentence pursuant to FLA. STAT. ANN. §775.082, the Prison Releasee Reoffender Act.[5]  Petitioner's judgment and sentence were affirmed *per curiam* on August 8, 2000.[6]  Mandate issued on September 8, 2000.[7]

On November 28, 2000, Petitioner executed a *pro se* motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.[8]  On March 22, 2001, the trial court appointed counsel for Petitioner.[9]  The trial court also held an evidentiary hearing on September 14, 2001.[10]  In an order dated March 1, 2002,

---

[3]Doc. 9, App. A, pg. 76.

[4]Doc. 9, App. A, pg. 89-105.

[5]Doc. 9, App. B.

[6]Doc. 9, App. E.

[7]Doc. 9, App. F.

[8]Doc. 9, App. G, pg.1-15.

[9]Doc. 9, App. G, pg. 32.

[10]Doc. 9, App. G, pg. 124.

the trial court denied the Petitioner's motion for post-conviction relief.[11]  Petitioner timely appealed in the Florida Fifth District Court of Appeal and the appellate court affirmed *per curiam* on January 7, 2003.   Mandate issued on January 23, 2003.

On November 6, 2003, Petitioner executed a state habeas petition, entitled "Petition for Writ of Habeas Corpus Ineffective Assistance of Appellate Counsel," with the Fifth District Court of Appeal.[12]  On December 1, 2003, the Fifth District Court of Appeal denied the petition without an opinion.[13]  On January 20, 2004, Petitioner executed the instant Petition for Writ of Habeas Corpus (Doc. 1), in which he raises the following claims:

1. Petitioner claims his conviction was obtained in violation of his right to due process of law by the State's failure to prove beyond a reasonable doubt all elements of the crime charged.

2.  Petitioner claims ineffective assistance of counsel by his trial attorney's strategy of conceding his guilt and ineffective assistance of  counsel for failing to raise this issue on direct appeal.

3. Petitioner claims ineffective assistance of counsel when trial counsel failed to discuss with him or request a jury instruction on the lesser included offenses where there is a reasonable probability that if the instructions were given, jurors

---

[11]Doc. 9, App. G, pg. 242.

[12]Doc. 9, App. O.

[13]Doc. 9, App. P.

would have convicted of a lesser offense.

4. Petitioner claims ineffective assistance of counsel when his trial attorney failed to investigate the surrounding facts concerning Petitioner's case and subsequently raise a voluntary intoxication defense.

## **Timeliness of Petition**

Respondents concede that the Petition was timely filed within the one-year limitation period under 28 U.S.C. § 2244(d)(1).[14]

## **Exhaustion/Procedural Bars**

There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner."[15]

This means that "a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."[16] Petitioners' *pro se* status does not alone amount to good cause.[17]

---

[14]Respondents' Response to Petition (Doc. 8) at pg. 12.

[15] Upshaw v. Singletary, 70 F.3d 576, 578-79 (11th Cir. 1995) (citations omitted).

[16]Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994) *cert. denied*, 513 U.S. 1061 (1994)(*citing* Wainwright v. Sykes, 433 U.S. 72, 87, (1977)).

[17]Harmon v. Barton, 894 F.2d 1268, 1275 (11th Cir. 1990).

4

## **Standard of Review**

After the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited. Williams v. Taylor, 529 U.S. 362, 403-04 (2000). Specifically, a federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." See 28 U.S.C. § 2254(d)(1). Each clause ("contrary to" and "unreasonable application") provides a separate basis for review. Williams at 405-410.

Furthermore, under § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The AEDPA directs that only clear and convincing evidence will rebut the presumption of correctness afforded the factual findings of the state court. See § 2254(e)(1). Therefore, it is possible that federal review may determine that a factual finding of the state court was in error, but deny the Petition because the overall determination of the facts resulting in the adjudication was reasonable. See Valdez v. Cockrell, 274 F.3d 941, 951 n. 17 (5th Cir. 2001).

**Merits of Claims**

**Claim One**

Petitioner's first claim is that he was denied due process when the State failed to prove beyond a reasonable doubt that his taking was done by force, violence, assault, or putting in fear. Petitioner raised this issue on direct appeal.

When reviewing a claim of the sufficiency of the evidence on federal habeas review, the District Court is required to view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[18] "When the record reflects facts that support conflicting inferences, there is a presumption that the jury resolved those conflicts in favor of the prosecution and against the defendant. In other words, federal courts must defer to the judgment of the jury in assigning credibility to the witnesses and in weighing the evidence."[19]

The jury found Petitioner guilty of robbery. Florida Statutes section 812.13(1)(1997) states "'[r]obbery' means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear."

---

[18] Jackson v. Virginia, 443 U.S. 307, 319 (1979).

[19] Johnson v. Alabama, 256 F.3d 1156, 1172 (11th Cir. 2001).

At trial, a police officer testified that Petitioner admitted to exiting a Winn Dixie grocery store in Ocala, Florida with unpaid merchandise. One of the store employees testified that when Petitioner walked out of the store, the security alarm sounded and Petitioner began to run. When a store employee grabbed Petitioner, Petitioner swung and tried to hit him across the chin. Another store employee testified Petitioner struggled outside the store when store employees were attempting to hold him until police arrived.[20]

Upon due consideration, this Court cannot find that the state courts erred in finding the evidence at trial was sufficient to sustain Petitioner's conviction. A rational trier of fact could have found that Petitioner committed robbery. Accordingly, the Court will not disturb the factual determinations made by the jury and claim one is due to be denied.

**Claim Two**

Petitioner's second claim is two-fold. Petitioner claims ineffective assistance of counsel by his trial attorney's strategy of conceding his guilt and ineffective assistance of appellate counsel for failing to raise this issue on direct appeal. In regard to ineffective assistance of trial counsel, Petitioner failed to raise this issue in the state court. Therefore, this claim is not exhausted. Moreover, because the time for pursuing these grounds has past,[21] Petitioner is barred from raising this

---

[20]Doc. 9, App. A.

[21]FLA. R. CRIM. P. 3.850(b).

claim on federal habeas review.[22]  Further, Petitioner has not shown either cause or prejudice that would excuse the default.  Likewise, Petitioner has neither alleged nor shown the applicability of the fundamental miscarriage of justice exception to this procedural default.

Petitioner raised the second part of this claim, ineffective assistance of appellate counsel, in his state habeas petition.  The Court concludes that claim two does not warrant federal habeas corpus relief because Petitioner cannot show that the state court's rejection of this claim resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law.  Petitioner cannot show that appellate counsel was objectively unreasonable.[23]  There was no ineffectiveness on the part of Petitioner's counsel as the claim was not susceptible to review on direct appeal.  Petitioner should have raised this claim in his Rule 3.850 motion.[24]

---

[22] If a Petitioner fails to exhaust his federal constitutional claim, the federal courts may find the unexhausted claim to be procedurally defaulted "if it is clear from state law that any future attempts at exhaustion would be futile." Bailey v. Nagle, 172 F.3d 1299, 1305 (11th Cir. 1999) (per curiam). In addition, if the Court finds that the unexhausted claim(s) would now be procedurally defaulted, the "exhaustion requirement and procedural default principles combine to mandate dismissal" of those claims. Id. (*citing* Snowden v. Singletary, 135 F.3d 732, 737 (11th Cir. 1998).

[23] See Strickland v. Washington, 466 U.S. 668 (1984).

[24] See Grubbs v. Singletary, 120 F. 3d 1174, 1177 (11th Cir. 1997)("defendants can raise an ineffective assistance of trial counsel claim in a motion for post-conviction relief under Rule 3.850, which has been recognized as a 'more effective' remedy for such claims than direct appeal since the resolution of a Rule 3.850 motion, unlike a direct appeal, allows for a full evidentiary hearing. . . . appellate counsel 'cannot be faulted for preserving the more effective remedy and eschewing the less effective.' *citing* Blanco v. Wainwright, 507 So. 2d 1377, 1384 (Fla. 1984)).

**Claims Three and Four**

Petitioner raised his third and fourth claims in his Rule 3.850 motion and the state court adjudicated the claims on the merits. After conducting an evidentiary hearing on these issues, the trial court adjudicated the claims as follows:

> The court finds the conduct and decisions of trial counsel were the product of a well reasoned trial strategy and the trial counsel's performance was reasonable under the prevailing professional norms. Trial counsel 'discussed. . . trial strategy at length' with the Defendant – and discussed counsel's belief that 'we had a petty theft that was overcharged.' Trial counsel purposefully chose not [to] request an instruction on battery, resisting detainment, assault or attempted battery and instead requested an instruction and argued for a verdict on petit theft. Trial counsel believed it was important to maintain credibility with the jury and avoided inviting the jury's attention to any acts of aggression by the defendant. Trial counsel made a well reasoned decision to treat this case as a simple petit theft case. Although the strategy proved unsuccessful with this jury, the strategy would have likely been successful with other juries. Counsel's decision to treat this case as a simple petit theft case was the product of study and thought and tact, not the product of ineffectiveness.
>
> The court also rejects the Defendant's claim that counsel was ineffective for failing to pursue a voluntary intoxication defense. Trial counsel considered a voluntary intoxication defense and explained to the Defendant the reasons for not pursuing such a defense. First, trial counsel did not believe that the behavior observed by the witnesses and the Defendant's level of impairment would support an intoxication defense. Second, trial counsel rightfully feared subjecting the Defendant to cross-examination and the presentation of the Defendant's criminal history through impeachment. Counsel's conduct and decisions regarding the decision of whether to pursue a voluntary intoxication defense were the product of well reasoned trial strategy, not the product of ineffectiveness. The Defendant simply failed to show that trial counsel's performance to be outside the broad range of reasonably effective assistance.

App. G, pg. 242-44 (internal citations omitted).

This Court must evaluate the state court's adjudication of these claims pursuant to § 2254(d). First, this Court must identify the clearly established federal

law with respect to this claim. "[I]n the habeas context, clearly established federal law 'refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state court decision.'" Maharaj v. Sec'y for Dep't Corr., 432 F. 3d 1292, 1308 (11th Cir. 2005)(*quoting* Williams v. Taylor, 529 U.S. 362, 412 (2001)). "The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 4 (2003) (*per curiam*)(citations omitted). Under Strickland v. Washington, 466 U.S. 668 (1984), Petitioner is entitled to habeas relief when counsel's performance falls below an objective standard of reasonableness, and there is a reasonable probability that, but for counsel's errors and omissions, the result of the proceedings would have been different. Id. at 687. Further, in reviewing counsel's performance, the inquiry is whether counsel made a reasonable decision under prevailing professional norms and the court should presume effectiveness. Id. at 690.

Upon an independent review of the record, the state court's adjudication of Petitioner's claims was not contrary to clearly established federal law. Further, the Court does not find the state court's adjudication of the claims involved an unreasonable application of clearly established federal law, nor do the state court's findings result in a decision that is based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Petitioner has

not presented clear and convincing evidence to rebut the presumption of correctness of the state court's determinations of the factual issues.

## Conclusion

For the foregoing reasons and for the reasons stated in Respondents' response to the Petition, the Petition is **DENIED** with prejudice. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 5th day of April 2007.

*[signature]*

UNITED STATES DISTRICT JUDGE

c: Stanley Walton Rainey
   Counsel of Record